## CALLUM *v.* THE DISTRICT OF COLUMBIA.

POLICE REGULATIONS; OVERHEAD WIRES IN THE DISTRICT OF COLUMBIA.

Section 5 of article XI of the police regulations of this District, relating to permits for the stringing of telephone, telegraph, messenger and other wires, does not apply to a case where a wire is run on private property for private purposes, without crossing or encroaching upon a public street, alley or reservation.

No. 939.  Submitted December 5, 1899.  Decided December 14, 1899.

IN ERROR to the Police Court of the District of Columbia.  *Judgment reversed.*

The facts are sufficiently stated in the opinion.

*Mr. Walter V. R. Berry* and *Mr. Benjamin S. Minor* for the plaintiff in error.

*Mr. A. B. Duvall,* Attorney for the District of Columbia,

15 Ct. App.—35

and *Mr. Clarence A. Brandenburg*, Assistant Attorney, for the defendant in error.

Mr. Justice SHEPARD delivered the opinion of the Court:

This case comes before us on a writ of error heretofore allowed to the Police Court of the District.

The plaintiff in error, Robert G. Callum, was convicted upon an information charging him with the violation of the following police regulation of the District Commissioners:

"Art. XI, Sec. 5. No permit to any telephone, telegraph, or electric lighting company, to renew its wires or change the location of its poles or wires, shall be issued until such company shall have filed in the office of the Commissioners of the District of Columbia a complete list of its poles and overhead wires, giving their location and designating such poles and overhead wires by numbers; and it shall be unlawful to change the location of any pole or wire without a permit specifying the change to be made. *Any person stringing additional telegraph, telephone, messenger, signal, or electric lighting wires*, or changing the location of any pole or overhead electric wire, without a permit as aforesaid, shall, on conviction thereof in the Police Court of the District of Columbia, be punished by a fine of not less than ten nor more than twenty-five dollars for each and every offense."

The whole case is presented in the following extract from the bill of exceptions:

"The District of Columbia, to maintain the issue on its part joined, offered evidence on its behalf to prove that on or about the 7th day of October, 1899, a certain new and additional wire was run from the rear of a house near Columbia road, in the District of Columbia, across an open field to a pole which constituted one of a series of poles running near Columbia road; that the pole to which said wire was attached was on private property; that the cross-arm of said pole to which said wire was attached was also

on private property; that the whole length of the wire strung was upon private property, and did not cross an alley, street, park, or any Government reservation; that said wire was the property of the Mutual District Messenger Company and was strung by agents and employees of said company; that Robert G. Callum, the defendant named in the said information, is the manager of the said company; that the voltage of said wire is so slight that the same is not dangerous to life or property; whereupon the District of Columbia announced its case closed and rested; and the defendant thereupon moved the court to dismiss the case against the defendant, for the reason that as the evidence showed the wire was wholly on private property, the defendant was not guilty of violating any law in relation to the stringing of overhead wires or of any police regulation in force in the District of Columbia having the force and effect of law, but that said regulation applies only to public property; which motion the court overruled; to which ruling the defendant excepted and gave notice in open court of his intention to apply for a writ of error and appeal therefrom."

We are of the opinion that the defendant's motion should have been granted.

No inquiry can be indulged in this record into the right of the Mutual District Messenger Company to maintain the wires on the private property where the connection of the new wire was made. It must be assumed that they were lawfully there. Nor do we think that any question is involved relating to the extent of the power of the Commissioners to make regulations concerning the stringing of wires on private property, or the installation of the messenger company's alarm and messenger system in private houses, where public streets or ways are not encroached upon in any particular in so doing.

The regulation referred to is not found among those relating to buildings and the installation of electric wires therein. The only manner in which the defendant could violate it

was in stringing a new wire from the connection with the old one to reach the house in question. Giving the regulation the interpretation that its nature demands, we can not see that it was intended to apply to a case like the present, where a wire is run on private property for private purposes without crossing or encroaching upon a public street, alley or reservation. We think it reasonably clear that the Commissioners had in mind, when they enacted this regulation, only the public streets, ways and reservations that are peculiarly and properly under their care and supervision. It would require a strained construction, not permissible in such cases, to hold this regulation applicable to private property under the conditions shown in the bill of exceptions.

For the error of the court in overruling the defendant's motion to dismiss the case, the judgment must be reversed ; and it is so ordered. *Reversed.*